UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BAUGHMAN,<br><br>Defendant. | No. 2:19-cv-1712 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

Plaintiff states that since December 25, 2018, and continuing daily, defendant David Baughman, Warden, California State Prison, Sacramento, "refuse[s] to treat the Kosher meal [plaintiff] receive[s] equally with the other meals and religious meals served." (ECF No. 1 at 4.) Plaintiff complains he only receives six hot dinner meals and seven cold breakfast meals, whereas every other meal comes hot breakfast service six to seven times weekly. In addition, on certain holidays, all other meals receive double main course dinner meats and proteins and a special dessert with chocolate milk, but the Kosher meal does not. Plaintiff states this is "conduct by choice" by defendant, and there are alternative morning meals available for Kosher meal service. (Id.) Plaintiff claims that "equal protection does not exist for Kosher meal service," and that such conduct is "intentional discrimination" used to discourage inmates from choosing the Kosher diet. As a result, plaintiff suffers mental stress, and seeks money damages.

Discussion

Plaintiff's allegations fail to state an equal protection claim.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (internal quotation marks and citation omitted). This requires a plaintiff to show that he was intentionally treated differently because of his membership in an identifiable group or a constitutionally suspect class. See Flores v. Morgan Hill Unified Sch. Dist., 324 F.3d 1130, 1134 (9th Cir. 2003); see also Taylor v. San Diego County, 800 F.3d 1164, 1169 (9th Cir. 2015) (stating that the groups being compared must be comprised of similarly situated persons so that the factor motivating the alleged discrimination

can be identified (internal quotation marks and citation omitted); see Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"). Although the groups being compared may be different in some respects, "they must be similar in the respects pertinent to the State's policy." Taylor, 800 F.3d at 1169. Strict scrutiny is applied where an equal protection claim is based on membership in a suspect class or the burdening of a fundamental right. See Kahawaiolaa v. Norton, 386 F.3d 1271, 1277-78 (9th Cir. 2005). Otherwise, rational review applies. See id.

Here, plaintiff fails to show that inmates receiving religious diets and inmates who receive regular meals are similarly situated with respect to prison meal policies. Likewise, although plaintiff alleges that the Kosher diet results in unequal treatment among participants in the Kosher diet program and other religious diet programs, plaintiff has not shown that he and inmates who have different religious dietary requirements are similarly situated. See Merrida v. Aramark Food Serv. Provider, 2011 WL 646412, at *3 (E.D. Cal. Feb. 17, 2011) ("Plaintiff claims that he and most inmates are getting the same food and that inmates on a special diet receive different and better food. Thus, according to plaintiff, the only inmates receiving different and better food are those that are not similarly situated, i.e., inmates with special dietary needs.").

The undersigned does not find that plaintiff's allegations give rise to an equal protection claim. Plaintiff does not allege that he is similarly situated to those allegedly receiving a better diet. Plaintiff confirms that he is receiving a Kosher diet, but complains that those inmates not receiving a Kosher diet get hot food more frequently and more food on more occasions than those on a Kosher diet. Therefore, according to plaintiff, the only inmates receiving more food and more hot food are those who are not similarly situated, for example, those inmates on non-Kosher religious diets and those inmates without special dietary needs.[1]

---

[1] Plaintiff does not raise an Eighth Amendment claim. He does not allege that he is not being provided constitutionally adequate food, and states that he receives six hot dinner meals and cold breakfast meals. The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health. See LaMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). Such food need not be tasty or aesthetically pleasing. See id. Food may even occasionally be served cold or occasionally contain foreign objects without violating the constitution. See id. Here, plaintiff does not allege that the food he is provided is unhealthy or inadequate to meet his

4

Accordingly, plaintiff's complaint must be dismissed. Although it does not appear that plaintiff can allege facts demonstrating a constitutional violation based on the alleged circumstances, the court grants plaintiff leave to file an amended complaint.

Leave to Amend

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Further, vague and conclusory allegations of official participation in civil rights violations are insufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Also, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the

////

---

nutritional needs. Such allegations do not give rise to an Eighth Amendment claim based on denial of adequate meals. In addition, inmates have "no constitutional right to be served a hot meal." Garnica v. Washington Dept. of Corrections, 965 F.Supp.2d 1250, 1267 (W.D. Wash. 2013), aff'd, 639 F. App'x 484 (9th Cir. 2016) (serving cold food to Muslim inmates during Ramadan did not violate Eighth Amendment when food was nutritionally adequate on all but one day); accord Osolinksi v. Coalinga State Hospital, 2017 WL 131988 at *3 (E.D. Cal. Jan. 12, 2017) ("there is no constitutional right to be fed hot meals"); see also Saddiq v. Trinity Services Group, 198 F.Supp.3d 1051, 1060-61 (D. Ariz. 2016) (state prison's practice of providing cold, "megasack" meal stacks instead of hot meals during Ramadan upheld on equal protection challenge).

case. Thus, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within sixty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: March 31, 2020

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cort1712.14n

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID BAUGHMAN,<br><br>  Defendant. | No. 2:19-cv-1712 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____    Amended Complaint

                                        _____
                                        Plaintiff