UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BAUGHMAN,<br><br>Defendant. | No. 2:19-cv-1712 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint is before the court.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

Plaintiff states that prison regulations require that inmates shall receive three meals per day, two of which shall be served hot.[1]  But if you are a Kosher inmate, the regulation does not apply, and inmates on a Kosher diet receive cold food for breakfast and lunch seven days a week.

---

[1] "Inmates shall be provided three meals each day, two of which shall be served hot. Variations to the two hot meals per day requirement may be allowed to accommodate religious observances, religious meal programs, and institution emergencies. The breakfast meal shall be served not more than 14 hours following the previous day's evening meal." Cal. Code Regs. tit. 15, § 3050(a)(2).

2

Plaintiff contends this is done to punish inmates for choosing Kosher diets, to dissuade inmates from their religious requirements, and to save the state $13.00 per day per Kosher meal, and violates plaintiff's equal protection rights under the Fourteenth Amendment.  Plaintiff claims his injury is receiving cold meals twice a day every day, and seeks hot Kosher breakfast meals and money damages.

Discussion

Plaintiff's allegations fail to state an equal protection claim.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (internal quotation marks and citation omitted).  This requires a plaintiff to show that he was intentionally treated differently because of his membership in an identifiable group or a constitutionally suspect class.  See Flores v. Morgan Hill Unified Sch. Dist., 324 F.3d 1130, 1134 (9th Cir. 2003); see also Taylor v. San Diego County, 800 F.3d 1164, 1169 (9th Cir. 2015) (stating that the groups being compared must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified (internal quotation marks and citation omitted); see Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one").  Although the groups being compared may be different in some respects, "they must be similar in the respects pertinent to the State's policy."  Taylor, 800 F.3d at 1169.  Strict scrutiny is applied where an equal protection claim is based on membership in a suspect class or the burdening of a fundamental right.  See Kahawaiolaa v. Norton, 386 F.3d 1271, 1277-78 (9th Cir. 2005).  Otherwise, rational review applies.  See id.

Here, plaintiff confirms that he is receiving a Kosher diet, but complains that those inmates not receiving a Kosher diet get hot food more frequently.  Plaintiff does not allege or demonstrate that he is similarly situated to those non-Kosher inmates receiving more hot meals.  Rather, according to plaintiff, the only inmates receiving more hot food are those who are not similarly situated, for example, those inmates on non-Kosher diets.  Thus, plaintiff fails to

demonstrate that inmates receiving religious diets and inmates who receive regular meals are similarly situated with respect to prison meal policies. Gumienny v. McDowell, 2018 WL 6113084, at *9 (C.D. Cal. May 25, 2018). Plaintiff's allegation fails to state an equal protection claim.

Plaintiff does not raise an Eighth Amendment claim. He does not allege that he is not being provided constitutionally adequate food, but receives cold food for breakfast and lunch every day. The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health. See LaMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). Such food need not be tasty or aesthetically pleasing. See id. Food may even occasionally be served cold or occasionally contain foreign objects without violating the constitution. See id. Here, plaintiff does not allege that the food he is provided is unhealthy or inadequate to meet his nutritional needs. Such allegations do not give rise to an Eighth Amendment claim based on denial of adequate meals.

Importantly, prisoners do not have a "constitutional right to be served a hot meal." Garnica v. Washington Dept. of Corrections, 965 F. Supp. 2d 1250, 1267 (W.D. Wash. 2013), aff'd, 639 F. App'x 484 (9th Cir. 2016) (serving cold food to Muslim inmates during Ramadan did not violate Eighth Amendment when food was nutritionally adequate on all but one day); accord Osolinksi v. Coalinga State Hospital, 2017 WL 131988 at *3 (E.D. Cal. Jan. 12, 2017) ("there is no constitutional right to be fed hot meals"); see also Saddiq v. Trinity Services Group, 198 F.Supp.3d 1051, 1060-61 (D. Ariz. 2016) (state prison's practice of providing cold, "megasack" meal stacks instead of hot meals during Ramadan upheld on equal protection challenge); Carpio v. Chief Counsel, DHS-ICE, 2018 WL 5919474, at *6 (C.D. Cal. Aug. 8, 2018), adopted, 2019 WL 1670940 (C.D. Cal. Apr. 16, 2019) (pretrial detainee's complaint that kosher meals provided were cold failed to state a Fourteenth Amendment claim).

Plaintiff's argument that the provision of cold meals dissuades prisoners from their religious requirements is also unavailing. See Kretchmar v. Beard, 241 F. App'x 863, 865 (3d Cir. 2007) (finding that a cold diet, which was religiously compliant and met the inmate's nutritional needs, "is not the type of burden that puts substantial pressure on him to modify his

4

behavior and violate his beliefs," even though the inmate preferred a wider variety of hot meals); Johnson v. Horn, 150 F.3d 276, 283 (3d Cir. 1998) ("If the cold kosher diet currently being provided satisfies kosher requirements, then the hot kosher diet which the Inmates suggest does not accommodate the Inmates any more 'fully'; it merely accommodates them in a more palatable manner. Taste, however, is not a relevant constitutional consideration."); Love v. New Jersey Dep't of Correction, 2011 WL 345964, at *18 (D.N.J. Jan. 31, 2011) ("[T]he fact that prisoners' meals are not elaborate enough to meet the prisoners' dining preferences cannot serve as the basis for a viable claim." (citing DeHart v. Horn, 390 F.3d 262 (3d Cir. 2004)).

Accordingly, plaintiff's amended complaint must be dismissed for failure to state a cognizable civil rights claim.

Leave to Amend

Plaintiff has been provided an opportunity to amend his complaint in an effort to allege facts demonstrating a constitutional violation, but has failed to do so. Because plaintiff cannot state a cognizable civil rights claim based on his allegations, it is futile to grant further leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

Further, IT IS RECOMMENDED that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 11, 2020

/cort1712.56

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE